FIDELITY & CASUALTY CO. OF NEW YORK *v.* BOARD OF COUNTY ROAD COM'RS OF SCHOOLCRAFT COUNTY.

1. MASTER AND SERVANT—EVIDENCE—FINDING OF DEPARTMENT OF LABOR AND INDUSTRY—APPEAL AND ERROR.

> In action by insurer against employer for recovery of sums paid and payable under workmen's compensation act, the fact that employer's foreman had timely notice of injury to workman was conclusively established by award made by department of labor and industry from which no appeal was taken.

2. INSURANCE—NOTICE OF ACCIDENT—LIABILITY OF INSURER—ESTOPPEL.

> Employer's failure to give notice of an accident to an employee to the insurer as provided in compensation insurance policy does not relieve latter from liability to employee but affords basis for recovery of sums paid under award providing insurer is not estopped to deny liability under policy by failure to give employer reasonable notice of disclaimer of liability.

3. SAME—ESTOPPEL OF INSURER.

    Insurer of employer under workmen's compensation act whose attorney knew of facts of case but made no disclaimer of liability to employer therefor either before or after entering upon defense of claim under policy requiring it to defend all claims *held*, estopped to insist upon breach of policy by employer.

Appeal from Schoolcraft; Runnels (Herbert W.), J. Submitted April 24, 1934. (Docket No. 53, Calendar No. 37,466.) Decided June 4, 1934.

Assumpsit by Fidelity & Casualty Company of New York, a foreign corporation, against Board of County Road Commissioners of Schoolcraft County, for sums paid and payable under a workmen's compensation act award. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*Hixson & Herbert (William J. Sheahan,* of counsel), for defendant.

NELSON SHARPE, C. J. In plaintiff's declaration it was alleged that on July 18, 1928, it issued to the defendant a workmen's compensation insurance policy; that on July 6, 1929, one Sidney Grace, an employee of the defendant, suffered an accident while in its employ, of which the defendant had notice; that proceedings were taken and had whereby he received an award on account of his injury by the department of labor and industry for permanent disability for 427 weeks at $14 per week, and that the plaintiff has paid thereon the sum of $1,558, and is liable for the balance thereof.

It also alleged that in said policy it was provided:

"This employer, upon the occurrence of an accident, shall give immediate written notice thereof to

the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against this employer, he shall immediately forward to the company every summons, notice or other process served upon him. Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the company with respect to notice as herein imposed upon him;''

that the defendant failed to give it such notice until December 24, 1930, and that the plaintiff was released and relieved thereby from its liability to protect the defendant by reason of said accident, and that it has a cause of action to recover from the defendant the money paid and which it is liable to pay to said employee. The answer was, in effect, a denial of defendant's liability.

Upon the trial the plaintiff put in evidence the policy of insurance and a certified copy of the proceedings had before the department of labor and industry, above referred to, and rested.

Sidney Grace had testified before the deputy commissioner that while in the employ of the county road commission on July 6, 1929, he suffered an injury to his left side and back by being thrown from a road grader; that he told Henry Christenson, the foreman under whom he was working, about it on that day; that he worked for a time thereafter, but quit work on account of his injury, and that when he left he asked Christenson about compensation and ''he said he would see to it.'' He was cross-examined at some length by one of plaintiff's present attorneys, who was then acting for the road commission. A fellow-workman, named Fred O. Repp, testified that he saw the accident and that Christenson and John E. McCarthy, the county

highway engineer, who was in charge of the work, came along when Grace "was getting his arm done up at the camp where we were staying," and that McCarthy "knew he had been hurt."

It was the claim of the defendant that notice of the employee's injury first came to its attention by a demand made therefor to its highway engineer, John E. McCarthy, in December, 1930, and that this fact was at once communicated to plaintiff's local agent at the city of Manistique. It appears that plaintiff's claim office at Milwaukee was notified, and that on December 16, 1930, its examiner wrote the Manistique agency that the matter was referred to Derham & Derham, attorneys of Iron Mountain. This letter was shown to McCarthy, and a report of compensable accident, prepared by plaintiff's local agent and signed by McCarthy, was filed in the department of labor and industry on April 7, 1931, in which it appeared that the plaintiff company was carrying the risk of the defendant on the date of the accident, which was stated as July 6, 1929. Plaintiff's attorneys filed a denial of liability on behalf of the road commission for the reason, among others, that "proper notice was not given to the defendant."

Christenson was called as a witness on the part of the defendant. He testified:

"*Q.* On July 6, 1929, did Sidney Grace say anything to you about an injury to his back?

"*A.* No, he did not—not that I recollect anyway.

"*Q.* Did he ever say anything to you during the time he was working for you about injuring his back?

"*A.* Well, after he left—he had to leave—he said he was in bad shape."

He also testified that the reason he did not report the accident was that "McCarthy was right there

the day the thing happened," and that he knew that Grace had been thrown from the grader. McCarthy was not called as a witness.

The deputy commissioner made an award in favor of the employee, from which both parties sought review before the commission. One of the reasons assigned therefor on behalf of the defendant was that "proper notice was not given to the defendant." In its opinion the commission stated that the defendant therein had withdrawn its appeal. It found that "the county road commission had notice and knowledge of the accident on the day that it occurred," and affirmed the amount of the award of the deputy from which the plaintiff therein had appealed.

The trial court in submitting the case to the jury instructed them that, as no appeal had been taken from the award of the commission, the fact that the foreman of the county road commission had timely notice of the injury sustained by the employee was established thereby and not at issue in the case. In this he was clearly right. *Lumbermen's Mutual Casualty Co.* v. *Bissell*, 220 Mich. 352 (28 A. L. R. 874). He submitted to them the claim of the defendant that the plaintiff by its acts and conduct and its failure to act had waived the provision in the policy requiring immediate notice to be given to it and had estopped itself from relying thereon.

The jury found for the defendant. From the judgment entered thereon, the plaintiff has taken this appeal. Its counsel insist that a motion made by them for a directed verdict in favor of the plaintiff should have been granted, and ask that the judgment entered be reversed and the cause remanded, with directions to enter a judgment in its favor.

It is well settled that the failure of an employer to give notice of an accident to the insurer as pro-

vided for in the policy, while it in no way relieves the insurer from liability to the employee, is ground for the recovery by the insurer from the insured of all moneys paid by it pursuant to an award therefor. *Oakland Motor Co.* v. *American Fidelity Co.*, 190 Mich. 74; *Lumbermen's Mutual Casualty Co.* v. *Bissell, supra.*

It seems to be well settled also that when an insurer, although obligated to defend under the terms of its policy, with knowledge of or means of ascertaining facts which, if established, will relieve it from liability at the suit of the insured, undertakes and prosecutes the defense, without giving reasonable notice to the insured that it does not consider itself liable to it under the policy, it is estopped to deny its liability. But if notice be given that in the event of certain facts being established it will disclaim liability and the insured, after such notice, makes no objection to its further defense of the action or proceeding, no estoppel can be based thereon.

The authorities are reviewed and commented on at length in annotations in 59 A. L. R. 308, and in 81 A. L. R. 1326. See, also, *Meyers* v. *Continental Casualty Co.* (C. C. A.), 12 Fed. (2d) 52. In *Empire State Surety Co.* v. *Pacific National Lumber Co.*, 118 C. C. A. 410 (200 Fed. 224), after stating the rule as above, the court said (p. 229) :

"We are impressed by the fairness of this rule, and our conclusion is that, if it was the intention of the surety company to claim that the policy did not cover the accident, its duty was to have notified the lumber company promptly of that ground, so that the lumber company could have taken charge of the defense. But when it failed to give any such notice before it went into the defense of the case at the trial in the superior court of the State, the lumber

company had a right to assume that the surety company would defend the suit, as it did, under the general clauses of the policy."

In *Sargent Manfg. Co.* v. *Travelers' Ins. Co.*, 165 Mich. 87 (34 L. R. A. [N. S.] 491), the insurer, on receipt of an amended declaration, under which a claim was made which, if established, would have relieved it from liability, wrote the insured that if the allegations therein be proved upon the trial it would not pay the judgment if one was rendered, and thereafter the attorney for the insured participated in the trial. It was decided that the insured "must be held to have accepted the terms proposed by the defendant in its letter of notification," and that the insurance company had not estopped itself from denying liability.

In *Kidd* v. *Minnesota Atlantic Transit Co.*, 261 Mich. 31, wherein a similar question was involved, it was said (p. 33):

"It was the duty of the appellant under its policy issued to the employer to defend suits, whether groundless, false, or fraudulent. If it gave reasonable notice to the employer that it denied liability because of the illegal employment, its defense in the cause would not constitute an estoppel."

Upon the trial of this case the defendant called its county highway engineer, John E. McCarthy, above referred to, as a witness. His evidence was admitted, not for the purpose of attacking the finding of the department that the road commission had timely notice of the accident and the award based thereon, but in its bearing upon the question of estoppel on which the defendant relied. He testified that he saw Ray Derham, one of plaintiff's attorneys, in the county road office in Manistique about the last part of January, 1931; that Grace

and Christenson soon after came in, and he introduced them to Derham; that Derham asked him, "What do you know about this case?" and he answered, "I know nothing about it;" that after Derham had questioned Christenson he (McCarthy) asked if he could do anything more for him, and that Derham replied, "No, I can take care of this," and that he left and had no conversation with him thereafter.

Christenson was not sworn as a witness on the trial, but there is nothing in the record to indicate that his answers to the questions of Mr. Derham were in any way different from his testimony before the deputy commissioner.

Mr. Derham, at that time representing the plaintiff company, was certainly chargeable with notice that the liability of the road commission was dependent upon whether or not a timely notice of Grace's accident had been given to Christenson or McCarthy, or to both of them. He was also chargeable with knowledge that, if it had been given, the provision in the policy of insurance relieved the casualty company from liability to the road commission on account thereof. And yet, without protest or disclaimer of liability, he filed a denial of liability on behalf of the road commission and contested it before the deputy commissioner. At the hearing before the deputy he heard the testimony of Grace and of Repp, above referred to, and, after award made, applied for review before the full board on the ground that no notice of the accident had been given, and later withdrew this application.

The road commission, relying on the provision in the policy wherein the insurer agreed to assume all obligations imposed upon the employer by his ac-

ceptance of the compensation act so far as the payment of compensation was concerned, and to defend in its name- and on its behalf any suits or other proceedings which might be instituted against it on account of injuries to employees, did not employ an attorney in its defense.   Had plaintiff's counsel at the time of his conversation with McCarthy and Christenson, or even when the award was made by the deputy, notified the road commission of the intention of the plaintiff to rely on the provision in the policy relative to notice, it might, and doubtless would, have employed an attorney and endeavored to protect itself against liability.   But during all of the time after its attention was called to the claim of the employee for compensation, the plaintiff, by the acts and conduct of its representatives, led the defendant to believe that it had no intention of relying upon the lack of notice as a defense to its liability under the terms of the policy.   Upon the facts as stated, the jury were justified in finding that the plaintiff was estopped from insisting upon the breach of the policy on the part of the defendant.

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, and ED-WARD M. SHARPE, JJ., concurred.   BUSHNELL, J., did not sit.