MEIRTHEW *v.* LAST.

## APPEAL OF AMERICAN FELLOWSHIP
## INSURANCE COMPANY.

1. INSURANCE—AUTOMOBILE POLICY—NOTICE OF INSURER'S RESERVA-
   TIONS—SUFFICIENCY—DELAY.

   Notice to insured under automobile liability policy by insurer, given some 2–1/2 years after accident and after discovery depositions had been taken, answer filed, and holding of pretrial conference, that insurer would defend the insured in action brought against it by plaintiff, with a reservation of rights to rely upon provisions of the policy but not specifying which, that it did not waive any defense thereunder, and did not undertake to pay final judgment, and that insured could employ other counsel at his own expense *held*, in garnishment proceedings by injured judgment plaintiff, legally insufficient as vague, uncertain, and too late to avoid presumptive prejudice of the insured's rights and garnishee plaintiff's consequential rights.

2. SAME—AUTOMOBILE POLICY—CONFLICT OF INTEREST—ESTOPPEL.

   Insurer under automobile liability policy owes its insured utmost loyalty to fulfill its policy-contracted obligation to defend actions against the insured, rather than to develop, secretly or otherwise, a policy defense, so that when a conflict of interest or a mere possibility thereof, arises, insurer must act promptly and openly, on peril of estoppel, to disclose such fact and apprise the court of all necessary details to protect the respective rights of both parties to the contract of insurance.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  7 Am Jur 2d, Automobile Insurance § 172.
   Liability insurance: insurer's assumption of or continuation in defense of action brought against the assured as waiver of estoppel as regards defense of noncoverage or other defense existing at time of accident.   81 ALR 1326, 38 ALR2d 1148.
[2, 3]  7 Am Jur 2d, Automobile Insurance § 160 *et seq.*
[4]  7 Am Jur 2d, Automobile Insurance § 210.
[5]  7 Am Jur 2d, Automobile Insurance § 33.
   Scope and application of exceptions as regards carrying passengers in policies of automobile insurance.   95 ALR 150, 118 ALR 393, 147 ALR 632.

3. SAME—AUTOMOBILES—DISCLAIMER OF LIABILITY—ESTOPPEL.

An insurer under an automobile liability policy which is obligated to defend the insured and has knowledge of or means of ascertaining facts which, if established, will relieve it from liability at the suit of the insured, and which undertakes and prosecutes the defense, without giving reasonable notice to the insured that it does not consider itself liable to the insured under the policy, is estopped to deny its liability but if notice be given insured that disclaimer of liability will follow establishment of certain facts and insured, after such notice, makes no objection to its further defense, there will be no basis for an estoppel.

4. SAME—AUTOMOBILE POLICY—JUDGMENT CREDITOR OF INSURED—GARNISHMENT.

Plaintiff who recovers a judgment against an insured under an automobile insurance policy succeeds to the insured's rights thereunder and becomes possessed of right to proceed against the insurer by an action in the nature of a writ of garnishment.

5. SAME—AUTOMOBILE POLICY—RISK EXCLUSION—GARNISHMENT.

Garnishee defendant, seeking to relieve itself from liability under automobile liability policy through application of risk exclusion clauses whereby it would not be liable if the car should be "rented or used for the transportation of passengers for a specific charge" held, not entitled to prevail (1) because its notice of disclaimer to insured that failed to specify such basis for nonliability was too vague, uncertain, and too late, and (2) because such risk exclusion clause was inapplicable to relieve garnishee of liability, where it had made no claim that the car had been rented or used for such purpose.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted March 3, 1965. (Calendar No. 67, Docket No. 50,570.) Decided June 7, 1965.

Writ of garnishment by Gertrude Meirthew against American Fellowship Mutual Insurance Company, a Michigan corporation, as insurer of James Last, who, along with James Gallo and Joe Bono, doing business as Gallo Landscaping Company, was principal defendant in a suit in which Gertrude Meirthew recovered judgment against

James Last and James Gallo and Joe Bono, doing business as Gallo Landscaping Company. Judgment for plaintiff. Defendant appeals. Affirmed.

*Metry, Metry & Sanom* (*Norman L. Zemke* and *Frederick E. Metry*, of counsel), for plaintiff.

*Willans, Frisbee & Ryal* (*Daniel Zolkower*, of counsel), for defendant.

BLACK, J. Plaintiff recovered judgment in the principal suit against defendant Last. The judgment not being paid, plaintiff sued out garnishment against the American Fellowship Insurance Company, designated herein as the garnishee. The garnishee filed disclosure denying liability, alleging that Last's policy of liability insurance, which by the garnishee had been issued to Last and was in effect at the time plaintiff's right of action against Last accrued, included under the heading "risks excluded" this clause:

"The company shall not be liable for any loss or claim arising while the automobile shall be rented or used for the transportation of passengers for a specific charge. Under clauses H, I, and J, the company shall not be liable for any claim as a result of any injury to an employee of the insured while engaged in the business of the insured."

The disclosure concluded:

"Garnishee further asserts that at the time plaintiff's alleged cause of action arose, principal defendant James Last's vehicle was leased to principal defendants James Gallo and Joe Bono, d/b/a Gallo Landscaping Company, for a specific charge and was being operated by an employee of the said James Gallo and Joe Bono, d/b/a Gallo Landscaping Company."

The first question is whether the garnishee stands legally estopped from defending on strength of such "risks excluded" clause. The second is whether proof or stipulated fact justifies the garnishee's contention that plaintiff's right of action accrued when Last's insured motor vehicle was "rented or used for the transportation of passengers for a specific charge." The circuit court ruled that the garnishee was so estopped and entered judgment accordingly. This appeal followed.

The point of estoppel turns upon these facts. The automotive collision which gave rise to plaintiff's cause against Last occurred July 21, 1959. Plaintiff's suit against Last was commenced October 1, 1959. Present counsel for the garnishee appeared and answered in his behalf. The same counsel conducted for Last all of the proceedings listed in the calendar entries to and including rendition of the jury's verdict and entry of plaintiff's judgment against Last. The judgment was entered October 11, 1962. Such proceedings included the taking of all discovery depositions; the handling for Last of all proceedings leading up to and including the preparation and filing of the rule-required pretrial statement and, of course, whatever pretrial negotiations toward settlement counsel for plaintiff and counsel for the insurer carried on *ex parte* Last. Finally, the specific defense against policy liability, pleaded as above by the garnishee, does not seem to have been raised until its disclosure was filed.

What the garnishee did to its insured, and to plaintiff in turn, fully deserved the trial judge's condemnation as recorded. Manifestly exasperated by the garnishee's tactics, Judge Kaufman finally remarked to its counsel: "You want your cake and you want to eat it too." As the discourse appears by transcript, the judge's remark was stimulated by the garnishee's continued retention of control over

Last's defense, and over pretrial settlement nego-
tiations, thus denying to Last fair and timely op-
portunity to protect his rights (a) by a before-trial
suit for declaration of rights against his insurer, or
(b) independent negotiation of settlement with plain-
tiff at some figure less than the jury's substantial
verdict, or (c) submission at trial of possibly avail-
able evidence that his motor vehicle was not being
operated, at the time of this collision, in violation
of the "risks excluded" clause. To this we add that
the record leaves no doubt that the garnishee, cer-
tainly by the time its answer for Last was filed in
the principal suit, was possessed of all knowledge
of facts which might tend to prove or disprove ap-
plication of its presently pleaded "risks excluded"
clause. Yet it gave no notice at all, to Last or any-
one else, until February 27, 1962.

The garnishee relies upon a letter which, on the
last given date, was mailed by it to Last. The letter
is headed "notice of reservation of rights." It
reads:

"Whereas American Fellowship Mutual Insurance
Company, hereinafter referred to as the company,
has heretofore issued to you its policy of insurance,
No. E–143822, insuring you against liability imposed
upon you by law resulting from the operation of a
1950 Ford truck, motor number 98EQH8537, owned
by you and described in said policy, and

"Whereas by reason of an accident involving said
motor vehicle, while being operated by Homer Allen
on July 2, 1959, which occurred on Dix at Moran
Roads, Lincoln Park, Michigan, you have been sued
by Dolores Tackett and Gertrude Meirthew in the
circuit court for the county of Wayne, State of Mich-
igan, for damages and injuries sustained in said
accident, and

"Whereas certain summons and other pleadings
issued out of said actions and served upon you have
been tendered to the company;

. "Now therefore you are hereby notified that the company will defend said actions pending against you through its regular attorneys, and will pay its said attorneys for all services in connection therewith, but the company in undertaking your defense, does so under a reservation of rights, and without prejudice, and subject to the conditions, limitations, exclusions and agreements of said policy, and subject to the express understanding that by so doing the company does not waive any of its rights to rely upon the provisions of said policy, and does not waive any defense it may have to any claimed liability under said policy.

"It is understood that the company does not undertake to pay any final judgment which may be rendered against you in said actions.

"You are also notified that you may, if you so desire, employ counsel at your own expense to assist in defending you in said actions."

We hold the notice legally insufficient; also that it came too late to avoid presumptive prejudice of Last's rights and plaintiff's consequential rights. The notice was vague and uncertain. It smacks of bad faith for want of specific reference to that clause of the policy the garnishee has pleaded. In no field of law is legal duty more rigidly enforced than in instances as at bar. The insurer must fulfill its policy-contracted obligation with utmost loyalty to its insured; not for the purpose of developing, secretly or otherwise, a policy defense. When a conflict of interest—even a mere possibility thereof—arises, the law suggests (if it does not require) that the insurer act promptly and openly, on peril of estoppel, preferably upon a record made in the pending case (if pending as here) with the court fully apprised of all necessary details; also that the insurer act thus on time for arms' length actions which may protect the respective rights of both parties to the contract of insurance.

The rule we apply was quoted from *Fidelity & Casualty Co. of New York* v. *Board of County Road Commissioners of Schoolcraft County,* 267 Mich 193, 198, in *Beals* v. *Central Mutual Auto Ins. Co.,* 269 Mich 477, 481:

"We think the true rule is stated in *Fidelity & Casualty Co. of New York* v. *Board of County Road Commissioners of Schoolcraft County,* 267 Mich 193, where this court said:

" 'It seems to be well settled also that when an insurer, although obligated to defend under the terms of its policy, with knowledge of or means of ascertaining facts which, if established, will relieve it from liability at the suit of the insured, undertakes and prosecutes the defense, without giving reasonable notice to the insured that it does not consider itself liable to it under the policy, it is estopped to deny its liability. But if notice be given that in the event of certain facts being established it will disclaim liability and the insured, after such notice, makes no objection to its further defense of the action or proceeding, no estoppel can be based thereon.' "[1]

*To summarize:* This insurer's notice failed the quoted "reasonable" test because it was unreasonably and prejudicially tardy. It failed that test because it left Last in the dark as to the nature of the policy defense or defenses the insurer had in mind; if indeed it had any in mind save such as might be conceived later as the principal case proceeded.

During oral argument of this case question was raised whether plaintiff is entitled to assert and

---

[1] For an instructive and exhaustive annotation, see 38 ALR2d 1148, "Liability insurance: insurer's assumption of or continuation in defense of action brought against the assured as waiver or estoppel as regards defense of noncoverage or other defense existing at time of accident."

depend upon Last's rights. To this there is a short answer. Refer to CLS 1961, §§ 500.3004, 500.3006 (Stat Ann 1957 Rev §§ 24.13004, 24.13006)[2] and *Flanagan* v. *Harder*, 270 Mich 288, 291, 292. When plaintiff recovered her judgment against Last, she succeeded under the statute to Last's herein affirmed rights and thereupon became possessed of right to proceed, as the statute says, against the insurer by "an action in the nature of a writ of garnishment," subject only to such valid defenses as may have been possessed by the insurer against Last. For due preservation of such defenses, see CLS 1961, § 500-.3012 (Stat Ann 1957 Rev § 24.13012).

The conclusions reached above sustain the circuit court's judgment regardless of judicial answer to the second question posed by the garnishee, that is, factual applicability of the first sentence of the "risks excluded" clause. As to that point it is sufficient to say that no claim was or is made, either that Last's motor vehicle had been rented for the *transportation of passengers for a specific charge* or, at the time of this automotive collision, was being used for the *transportation of passengers for a specific charge*. In its brief, under the heading "statement of stipulated facts," the garnishee states fully its factual position as follows:

"Garnishee further asserted that at the time the plaintiff's cause of action arose, the principal defendant, James Last's vehicle was leased to principal defendant, James Gallo and Joe Bono d/b/a Gallo Landscaping Company, for a specific charge and was being operated by an employee of the said

---

[2] For the original wording of these sections, see CL 1948, § 522.33 (Stat Ann § 24.296). The original section was replaced by 5 sections which were enacted and appear now as sections 3004, 3006, 3008, 3012, and 3030 of the insurance code of 1956, PA 1956, No 218 (CLS 1961, §§ 500.3004, 500.3006, 500.3008, 500.3012, 500.3030 [Stat Ann 1957 Rev §§ 24.13004, 24.13006, 24.13008, 24.13012, 24.13030]).

James Gallo and Joe Bono d/b/a Gallo Landscaping Company."

The circuit court's judgment was rightfully entered as against the garnishee's assignments of error. It is affirmed, with costs to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.