MULTI-STATES TRANSPORT, INC v MICHIGAN MUTUAL
INSURANCE COMPANY

THE MIDWESTERN INDEMNITY COMPANY v MICHIGAN
MUTUAL INSURANCE COMPANY

TRAVELERS INSURANCE COMPANY v FOSTER

Docket Nos. 81969, 81970, 81971. Submitted December 4, 1985, at
Detroit. Decided September 9, 1986. Leave to appeal applied
for.

Michigan Mutual Insurance Company issued an insurance policy
to Gary Reed, doing business as G. W. Reed & Sons Leasing,
covering a 1973 Kenworth tractor. The tractor, while being
driven by Dale Foster, a Reed employee, was later involved in
an accident with a vehicle occupied by Thomas W. Bradley,
Shirley Bradley, and Regina Stewart. Stewart died and the
Bradleys were injured as a result of the accident. On the date
of the accident, the tractor had been leased to Multi-States
Transport, Inc. Multi-States was insured by Midwestern Indem-
nity Company. The personal representative of Regina Stewart's
estate, Russell J. Stewart, and the Bradleys filed separate
actions in the Wayne Circuit Court against Reed, Foster, and
Multi-States. Michigan Mutual undertook to defend Reed and
Foster in the actions pursuant to its insurance policy with
Reed. Multi-States filed a separate action against Michigan
Mutual seeking a declaration that Michigan Mutual's policy
was applicable to the claims asserted by the personal represen-
tative of Stewart's estate and to establish Michigan Mutual as
the primary insurer. Midwestern Indemnity was made a third-
party defendant to that action and Michigan Mutual sought a
declaration that it was not required to provide coverage to
Reed and Foster on the basis of a provision in the policy
excluding coverage when the insured vehicle was used in the
business of any person to whom the vehicle had been leased. At
a settlement conference in the Stewart wrongful death action
and over two years after the Bradleys and the personal repre-

REFERENCES

Am Jur 2d, Insurance §§ 1408-1413.

See the annotations in the Index to Annotations under Insurance.

sentative of Stewart's estate filed their respective actions, Michigan Mutual indicated that its insurance policy covering Reed and Foster might not be applicable to the Stewart and Bradley actions. Michigan Mutual thereafter sent to Reed and Foster a "reservation of rights" letter indicating that it might deny coverage. Reed, Foster, the Bradleys, and the personal representative of Stewart's estate were joined in the declaratory judgment action involving Multi-States, Midwestern Indemnity, and Michigan Mutual. The Bradleys and the personal representative of Stewart's estate then filed a motion for partial summary judgment against Michigan Mutual, arguing that Michigan Mutual's participation in the defense of Reed and Foster for nearly 2½ years constituted a waiver and estoppel of its right to deny insurance coverage based on the policy exclusion. The trial court, Michael L. Stacey, J., granted the motion, ruling that Michigan Mutual had either waived or was estopped from disclaiming liability under the exclusion in question. Michigan Mutual appealed.

The Court of Appeals *held:*

1. When an insurer undertakes to defend its insured without reservation of rights, continues to defend although it possesses sufficient information concerning a possible policy exclusion, and subsequently gives notice of its intent to deny coverage, a showing of actual prejudice is not required for the application of estoppel. Instead, a presumption of prejudice arises which, if unrebutted as in this case, will establish prejudice as a matter of law.

2. Michigan Mutual's declaratory judgment action against Midwestern Indemnity, in which Reed, Foster, the Bradleys, and the personal representative of Stewart's estate were later joined and the "reservation of rights" letter addressed to Reed and Foster did not provide timely notice to Reed and Foster that Michigan Mutual was disclaiming liability.

Affirmed.

1. INSURANCE — ESTOPPEL — DISCLAIMER OF LIABILITY — INSURER'S DUTY TO DEFEND.

An insurer, where it is impressed with a duty to defend its insured under the terms of the insurance policy, may be estopped from denying coverage based on a policy exclusion if, with knowledge of a defense to its policy coverage, the insurer participates in the defense of the insured for an unreasonable time and fails to provide timely notice of its intention to disclaim liability.

2. Insurance — Estoppel — Disclaimer of Liability — Insurer's Duty to Defend.

An insurer which undertakes the defense of its insured without reservation of rights, continues to defend although possessed of sufficient information concerning a possible policy exclusion, and subsequently gives notice of its intent to deny coverage is estopped from denying coverage; a showing of actual prejudice to the insured is not required; instead, a presumption of prejudice arises which, if unrebutted, will establish prejudice as a matter of law.

3. Insurance — Disclaimer of Liability — Reservation of Rights — Declaratory Judgment.

An insurer's action for declaratory judgment against its insured is a suitable alternative to a "reservation of rights" letter as a means of providing timely notice to the insured of its intent to assert policy exclusions.

*Coticcho, Zotter & Sullivan, P.C.* (by *W. J. Zotter*), for Michigan Mutual Insurance Company.

*Moll, Desenberg, Bayer & Behrendt* (by *Steven B. Sinkoff*), for Thomas Bradley, Shirley Bradley, and Russell J. Stewart.

Before: MacKenzie, P.J., and D. F. Walsh and Shepherd, JJ.

Per Curiam. This consolidated appeal is the result of a grant of summary judgment in favor of Thomas and Shirley Bradley and the Estate of Regina Stewart (appellees) in Michigan Mutual Insurance Company's action for a declaration of its nonliability under an insurance policy. We affirm.

The facts are not in dispute. In June, 1980, Michigan Mutual issued an insurance policy to Gary Reed, doing business as G. W. Reed & Sons Leasing, covering a 1973 Kenworth tractor. On April 7, 1981, the tractor, while being driven by a Reed employee, Dale Foster, was involved in an accident with a vehicle occupied by the Bradleys and Regina Stewart. The accident resulted in

Stewart's death and personal injuries to the Bradleys. On the date of the accident, the tractor had been leased to Multi-States Transport, Inc. Multi-States was insured by Midwestern Indemnity Company.

In 1981 and 1982, respectively, the personal representative of Regina Stewart's estate and the Bradleys filed separate actions against Reed, Foster, and Multi-States as a result of the accident. Pursuant to its insurance policy with Reed, Michigan Mutual undertook to defend Reed and Foster in the actions.

While pretrial matters were proceeding in the Stewart wrongful death action, Multi-States filed a separate declaratory judgment action against Michigan Mutual seeking a declaration that Michigan Mutual's policy was applicable to the claims asserted by the personal representative of Stewart's estate and to establish Michigan Mutual as the primary insurer. Midwestern Indemnity was made a third-party defendant to that action, and on October 7, 1982, Michigan Mutual filed a third-party declaratory action against Midwestern. Michigan Mutual asserted that it was not required to provide coverage to Reed and Foster since its policy contained an endorsement excluding coverage when the insured vehicle was used in the business of any person to whom the vehicle had been leased.

On March 6, 1984, the date originally scheduled for trial in the Stewart wrongful death action, a settlement conference was held. There, Michigan Mutual, apparently for the first time in that action or the Bradley action, indicated that its insurance policy covering Reed and Foster might not be applicable to the Stewart and Bradley actions. The settlement conference was adjourned, and on March 8, 1984, Michigan Mutual officially sent

both Reed and Foster a "reservation of rights" letter indicating that it might deny coverage under its policy based on the previously mentioned policy exclusion.

On April 20, 1984, Reed, Foster, and appellees were joined in the declaratory judgment action involving Multi-States, Midwestern Indemnity, Michigan Mutual and others not relevant to this appeal. The purpose of joinder was to permit Michigan Mutual to assert third-party claims in the declaratory judgment action, setting up any defenses or exclusions it may have under its policy of insurance covering the third-party defendants.

On September 6, 1984, appellees filed a motion for partial summary judgment against Michigan Mutual. They argued that Michigan Mutual's participation in the defense of Reed and Foster for nearly 2½ years constituted a waiver and estoppel of its right to deny insurance coverage based on the policy exclusion. Michigan Mutual, on the other hand, contended that Michigan law does not permit imposition of waiver or estoppel unless the delay in denying coverage caused the insured actual prejudice, and that a genuine issue of fact existed as to whether the insureds in this case had suffered actual prejudice due to the delayed notification of denial of coverage.

Following a hearing, the trial court determined that Michigan Mutual had waived or was estopped from disclaiming liability under its insurance policy covering Reed and Foster, and, accordingly, granted the motion for summary judgment.

As a general rule, when an insurer is impressed with a duty to defend its insured under the terms of its policy, the insurer may be estopped from denying coverage based on a policy exclusion if, with knowledge of a defense to its policy coverage, the insurer participates in the defense of the

insured for an unreasonable time and fails to provide timely notice of its intention to disclaim liability. *Fidelity & Casualty Co of New York v Schoolcraft Co Rd Comm'rs,* 267 Mich 193; 255 NW 284 (1934); *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965). On appeal, Michigan Mutual does not dispute this general rule. Instead, it asserts that in order for estoppel to be applied under the rule, the party seeking estoppel is required to show that the delayed notification resulted in actual prejudice to the insured. Specifically, Michigan Mutual contends that in the instant case summary judgment was inappropriate because there existed a factual question as to whether the rights of the insured were actually prejudiced by Michigan Mutual's participation in their defense.

The primary case in Michigan concerning the application of estoppel when an insurance company participates in the defense of its insured and then attempts to disclaim liability is *Meirthew v Last, supra.* In that case, the plaintiff received a judgment against defendant Last following a trial in which the insurer appeared and represented the defendant. Subsequently, the plaintiff was granted a writ of garnishment by the trial court against the insurer. The insurer responded by denying liability, alleging that the policy issued to Last had an applicable exclusionary clause. *Meirthew, supra,* p 35. The Court, holding that the insurer was estopped from denying liability, noted actual prejudice to the insured, but also suggested that such a delayed disclaimer of liability was presumptively prejudicial to the rights of the insured and consequently the plaintiff:

> We hold *the notice* legally insufficient; also that it *came too late to avoid presumptive prejudice of*

> *Last's rights and plaintiff's consequential rights.*
> . . . In no field of law is legal duty more rigidly
> enforced than in instances as at bar. The insurer
> must fulfill its policy-contracted obligation with
> utmost loyalty to its insured; not for the purpose
> of developing, secretly or otherwise, a policy de-
> fense. When a conflict of interest—even a mere
> possibility thereof—arises, the law suggests (if it
> does not require) that the insurer act promptly
> and openly, on peril of estoppel, preferably upon a
> record made in the pending case (if pending as
> here) with the court fully apprised of all necessary
> details; also that the insurer act thus on time for
> arms' length actions which may protect the respec-
> tive rights of both parties to the contract of insur-
> ance. [*Meirthew, supra,* p 38. Emphasis added.]

The issue of the application of estoppel and the
requirement of prejudice as discussed in *Meirthew*
was also considered in *Cozzens v Bazzani Bldg Co,*
456 F Supp 192 (ED Mich, 1978). In that case, the
plaintiff sued the defendant for negligent building
construction. The defendant was defended by its
insurance carrier. On the day set for trial, the
insurer indicated for the first time that there was
a possible conflict because it intended to deny
coverage. *Cozzens, supra,* pp 193-194. Trial was
adjourned, and the plaintiff moved for summary
judgment, arguing that the insurance company
was estopped from asserting its policy defenses
because notice had been untimely.

The *Cozzens* court, in granting summary judg-
ment for the plaintiff, noted a split of authority
among jurisdictions on the question of whether an
untimely notice of disclaimer creates a presump-
tion of prejudice, but found it unnecessary to
decide the question since, as in *Meirthew,* both
actual and presumptive prejudice were shown. The
*Cozzens* court stated, however:

To this Court's mind, a presumption of prejudice flowing from a finding of untimeliness becomes all the more appropriate when one considers that, as a vital participant in the judicial proceedings (albeit a somewhat less than direct one), the carrier owes certain responsibilities not only to the insured but also to the opposing party and to the court. It is a well-known fact that the availability of an insurance fund to pay whatever judgment is ultimately entered is an important element in the management of a case, both with respect to the nature and extent of the discovery that is undertaken and with respect to the course of settlement discussions. As for the Court, it bears the responsibility of administering our system of justice in an orderly and expeditious manner. Those interests are not served where, as here, a conflict between the two parties to the contract of insurance is not brought in light until the very day of trial. In light of the many diverse interests involved, this Court joins its voice with that of the Michigan Supreme Court in urging "that the insurer act promptly and openly, on peril of estoppel, preferably upon a record made in the pending case (if pending as here) with the court fully apprised of all necessary details." [456 F Supp 202.]

In the instant case, we agree with Michigan Mutual that, unlike in *Meirthew* and *Cozzens,* there was an inadequate showing of actual prejudice to the rights of the insured to find such prejudice as a matter of law. Nevertheless, we are of the opinion that when an insurer undertakes to defend its insured without reservation of rights, continues to defend although it possesses sufficient information concerning a possible policy exclusion, and subsequently gives notice of its intent to deny coverage, a showing of actual prejudice is not required for the application of estoppel. Instead, a presumption of prejudice arises which, if unrebutted, will establish prejudice as a matter of law.

This result is particularly appropriate in the instant case. Appellees filed suit in the underlying tort action in 1981 and 1982. Michigan Mutual immediately undertook to defend its insured, and continued to do so until the date originally set for trial, some 2½ years later. It never indicated to appellees or to the insureds that it might have a valid defense as to coverage, although it was aware of that possibility as early as October, 1982. We agree with the trial court that, under these circumstances, the rights of the insureds, and the consequential rights of appellees, were presumptively prejudiced and Michigan Mutual is estopped from asserting its policy exclusion. At the hearing, Michigan Mutual provided no evidence which would rebut the presumption of prejudice. Under such circumstances, summary judgment to appellees was proper.

Michigan Mutual asserts that the fact that it filed its separate declaratory judgment action against Midwestern and asserted its policy defense therein precludes any finding of prejudice to the insureds. We disagree. In *Security Ins Co of Hartford v Daniels,* 70 Mich App 100; 245 NW2d 418 (1976), this Court held that a declaratory judgment action asserting policy exclusions is a suitable alternative to a reservation of rights letter as a means of providing *timely* notice to the insured. Here, however, Michigan Mutual did not bring the insureds or the appellees into its declaratory judgment action until April 20, 1984, after it had already sent a reservation of rights letter. Both actions were thus untimely. The fact that it raised the defense in a declaratory judgment action to which neither the insureds nor the appellees were a party does not in our opinion overcome the presumption of prejudice.

Affirmed.