841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Claude WRIGHT and Faye Wright, Defendants-Appellants.
 No. 87-1197.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In December of 1980 Peter and Carol Heinz (Heinzes) initiated legal action in the Circuit Court of Wayne County, Michigan against Claude and Fay Wright (Wrights), abutting land owners, seeking injunctive relief to abate a nuisance and for property damage proximately caused by the diversion of a natural water course which resulted in the flooding of the Heinzes' property. Allstate Insurance Company (Allstate), the Wrights' insurer at the time, assumed the defense of the litigation which, on July 2, 1984, resulted in a jury verdict for the Heinzes in the amount of $25,000. On August 21, 1984 the Court granted injunctive relief against the Wrights which permanently enjoined them from maintaining the nuisance responsible for the flooding which nuisance the court concluded they had intentionally created on their land. The court further ordered that the Wrights restore the watercourse on their property to abate the flooding of the Heinz property.
 
 
 2
 Allstate paid the $25,000 jury property damage award to the Heinzes but disclaimed coverage of the Wrights' claim for reimbursement of approximately $12,000 they had expended to comply with the Wayne County Court's order granting equitable relief asserting that its policy of insurance did not afford coverage for damage to Wright's own land nor damage that resulted to their land from a nuisance that they had intentionally created.
 
 
 3
 On January 15, 1985, Allstate initiated this action for declaratory relief in the United States District Court for the Eastern District of Michigan wherein it alleged that the conduct of the Wrights in creating the nuisance upon their land, as determined by the Wayne County Court, had been intentional and deliberate and consequently outside the scope of the Allstate policy coverage.
 
 
 4
 Under Michigan law, an insurer has a duty to not only represent and defend an insured, but has an additional obligation to timely notify its insured of any and all policy defenses available to it. The general rule in Michigan is that an insurer is estopped from denying coverage if it participates in the defense of the insured for an unreasonable time while it knows of a defense to its policy coverage. Multi-States Transport Inc. v. Michigan Mutual Ins. Co., 154 Mich.App. 549, 553-554, 398 N.W.2d 462, 464 (1986) states:
 
 
 5
 As a general rule, when an insurer is impressed with a duty to defend its insured under the terms of its policy, the insurer may be estopped from denying coverage based on a policy exclusion if, with knowledge of a defense to its policy coverage, the insurer participates in the defense of an insured for an unreasonable time and fails to provide timely notice of its intention to disclaim liability. Fidelity and Casualty Co. of New York v. Schoolcraft Co. Road Commissioners, 267 Mich. 193; 255 N.W. 284 (1934); Meirthew v. Last, 376 Mich. 33, 135 N.W.2d 353 (1965).
 
 
 6
 Thus, estoppel arises when (1) a party by representation, admissions or silence, intentionally or negligently induces another party to believe certain facts, Cook v. Grand River Hydroelectric Power Co., 131 Mich.App. 821, 346 N.W.2d 881, 885 (1984); (2) the other party justifiably relies, and acts on, this belief, Id.; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. Id.; see also Lumber Village Inc. v. Seigler, 135 Mich.App. 685, 355 N.W.2d 654, 659 (1984).
 
 
 7
 In this action for declaratory judgment there is no dispute that absent the issue of "estoppel" Allstate would have prevailed because of the Wayne County Court's determination that the actions of the Wrights were intentional and deliberate within the Intentional Act Exclusion Clause incorporated into the Allstate policy. In opposing the appellee's disclaimer, appellants have argued that Allstate waived its right to deny coverage by not having informed them of its intention to do so in a timely fashion and they have further affirmatively asserted that they were prejudiced by this late notice.
 
 
 8
 This court finds that Allstate failed to provide the appellees with timely notice of disclaimer during the four year period of the state litigation although Allstate was obviously considering a disclaimer of coverage during that time as is evidenced by the record. During this protracted period, Allstate failed to clearly deny coverage for equitable relief until it filed this instant action on July 15, 1985. However, in order for the appellees to prevail under the Michigan theory of estoppel, they must also prove that the action of Allstate was actually prejudicial to their interests. In addressing the issue, the Michigan Court of Appeals in Multi-State Transport Inc. v. Michigan Mutual Ins. Co., 154 Mich.App. 549 (1986) has ruled that in considering the doctrine of estoppel within the factual context presented by this type of case it should be presumed that an insured was prejudiced unless the insurer has produced evidence to rebut the presumption of prejudice. The court went on to state that "a presumption of prejudice arises which, if unrebutted, will establish prejudice as a matter of law". Multi-State Transport 154 Mich.App. at 556. From a review of the record herein, it is apparent that the trial court did not consider or address the element of prejudice and the manner in which it would impact the outcome of this controversy. Accordingly, the decision of the trial court is REVERSED and this case is REMANDED to the district court for further action consistent with this opinion.