FIRE INSURANCE EXCHANGE v FOX

Docket No. 98639. Submitted January 21, 1988, at Detroit. Decided April 5, 1988. Leave to appeal applied for.

Michael K. Daly was seriously injured when the bicycle he was riding collided with a moped operated by Jenni Cortez and owned by James Fox and others. On October 4, 1985, Daly filed suit against Cortez, Fox, and others, alleging that the accident was caused by the negligent and careless operation of the moped. Fire Insurance Exchange, Fox's homeowner's insurance carrier, undertook Fox's defense in the underlying action. On February 21, 1986, however, plaintiff sent Fox a reservation of rights letter explaining that coverage might not exist in light of a provision excluding coverage for liability arising out of the ownership of a motor vehicle, as that term is defined in the insurance contract. Fire Insurance Exchange brought an action against Fox and others in the Oakland Circuit Court for a declaratory judgment that it had no duty to defend Fox because of the provision. The trial court, Fred M. Mester, J., found that Fire Insurance Exchange had no duty to defend because of the provision and that it was not estopped from withdrawing its defense of Fox. Fox appealed.

The Court of Appeals *held*:

1. A motor vehicle was defined in the policy as including a motorized bicycle, which the moped was. Plaintiff had no duty to defend.

2. An insurer, where it is impressed with a duty to defend its insured under the terms of the insurance policy, may be estopped from denying coverage based on a policy exclusion if, with knowledge of a defense to its policy coverage, the insurer participates in the defense of the insured for an unreasonable time and fails to provide timely notice of its intention to

REFERENCES

Am Jur 2d, Insurance §§ 633, 790, 1573.

"Vehicle" or "land vehicle" within meaning of insurance policy provision defining risks covered or excepted. 65 ALR3d 824.

See also the annotations in the Index to Annotations under Insurance and Insurance Companies.

disclaim liability. Plaintiff's notice to Fox was timely as a matter of law.

Affirmed.

1. Insurance — Mopeds.

A moped is a motorized bicycle designed for travel on public roads.

2. Insurance — Estoppel — Disclaimer of Liability — Reservation of Rights.

An insurer, where it is impressed with a duty to defend its insured under the terms of the insurance policy, may be estopped from denying coverage based on a policy exclusion if, with knowledge of a defense to its policy coverage, the insurer participates in the defense of the insured for an unreasonable time and fails to provide timely notice of its intention to disclaim liability; as a matter of law an insurer who issues a reservation of rights letter four months after initiation of the litigation has given timely notice to its insured that his claim may not be covered so as to avoid being estopped from denying liability.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall*), for plaintiff.

*Vivian A. Phillips*, for defendant Fox.

Before: D. E. Holbrook, Jr., P.J., and H. Hood and N. J. Kaufman,* JJ.

Per Curiam. Plaintiff in this case filed a declaratory judgment action in which plaintiff claimed an exclusionary provision in its insurance contract applied so that it had no duty to defend defendant James Fox in an underlying tort action. Defendant Fox appeals from the trial court's order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10).

Michael K. Daly was seriously injured when the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

bicycle he was riding collided with a moped operated by Jenni Cortez and owned by Fox and others. On October 4, 1985, Daly filed suit against Cortez, Fox, and others, alleging that the accident was caused by the negligent and careless operation of the moped.[1] Plaintiff, Fox's homeowner's insurance carrier, undertook Fox's defense in the underlying action. On February 21, 1986, however, plaintiff sent Fox a reservation of rights letter explaining that coverage might not exist in light of a provision excluding coverage for liability arising out of the ownership of a motor vehicle, as that term is defined in the insurance contract. Five months later, plaintiff instituted this declaratory judgment action, asserting it had no duty to defend Fox due to the provision.

The policy provision stated that coverage did not lie for personal liability where the insured's liability arises out of his or her ownership, maintenance, or use of a motor vehicle. "Motor vehicle" is defined in the policy as "a motorized land vehicle, including a trailer, semi-trailer or *motorized bicycle, designed for travel on public roads*" (emphasis added). The trial court found the moped to be a "motorized bicycle designed for travel on public roads," and held that plaintiff had no duty to defend Fox. The trial court further held that plaintiff was not estopped from withdrawing its defense of Fox since the plaintiff had initiated its action for declaratory judgment during the pendency of the underlying action.

On appeal, defendant first claims that the trial court erred in finding that a moped constitutes a motorized bicycle designed for travel on public roads. We disagree. A moped is defined in the Michigan Vehicle Code as

---

[1] Defendant Sue Fox was voluntarily dismissed and Jenni Cortez was never served. Michael Daly answered plaintiff's complaint for a declaratory judgment but is not a party on appeal.

a 2- or 3-wheeled vehicle which is equipped with a motor that does not exceed 50 cubic centimeters piston displacement, produces 2.0 brake horse-power or less, and cannot propel the vehicle at a speed greater than 30 miles per hour on a level surface. . . . [MCL 257.32b; MSA 9.1832(2).]

Thus, it is clear that a moped is a bicycle with a motor attached and, therefore, meets the first prong of the policy definition of motor vehicle. Next, it must be determined whether a moped is designed for travel on public roads. We note that mopeds are included in many Michigan statutes regarding their operation on a highway: MCL 257.705(2)(2); MSA 9.2405(a)(2) (brake requirement when moped is operated upon a highway); MCL 257.661; MSA 9.2361 (requirement that person operating moped not carry packages while driving); MCL 257.216(1); MSA 9.1916(l) (registration and certification of title provision); MCL 257.679a; MSA 9.2379(1), MCL 257.710d(3); MSA 9.2410(4)(3) (child restraint provision); MCL 257.679a; MSA 9.2379(1) (limited access highway provision); MCL 257.657; MSA 9.2357 (regulations applicable to mopeds driven on a roadway); MCL 257.801e; MSA 9.2501(5) (registration requirement); MCL 257.312a(2); MSA 9.2012(1)(2) (license require-ment). Thus, there is no question that a moped is designed for travel on public roads since such use is expressly recognized and regulated in the Michigan Vehicle Code.

Next, defendant argues that the trial court erred in finding that plaintiff was not estopped from withdrawing its representation of defendant. The general rule is that an insurer which undertakes the defense of an insured while having actual or constructive knowledge of facts which would allow avoidance of liability will be deemed to have waived its right to avoid coverage unless reason-

able notice is served to the insured of the possible disclaimer of liability. *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965); *Multi-States Transport, Inc v Michigan Mutual Ins Co,* 154 Mich App 549, 553-554; 398 NW2d 462 (1986), lv den 428 Mich 866 (1987). In *Meirthew, supra,* the Court held that the insurance company did not give "reasonable" notice and hence was estopped because it waited until after the judgment was obtained in the underlying tort case to assert a policy exclusion. *Meirthew, supra,* pp 37-38. In *Multi-States, supra,* this Court held that a two-year delay between the initiation of the underlying action and a reservation of rights letter was too long. *Multistates, supra,* p 557.

In the instant case, only four months passed between the initiation of the underlying action and the date plaintiff sent its reservation of rights letter. We feel that four months is, as a matter of law, not an unreasonable length of time. We hold that issuance of the reservation of rights letter only four months after initiation of the litigation reasonably put defendant on notice that his claim might not be covered under his homeowner's insurance policy. Thus, the trial court did not err in holding that plaintiff was not estopped from denying liability.

Affirmed.