958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The BANKRUPTCY ESTATE OF William M. and Emily HOLMAN,
Plaintiffs-Appellants, Cross-Appellees,
and
American Heart Association of Washington; Childrens Home
Society of Washington; Fred Hutchinson Cancer
Research Center, Historical Society of
Seattle & King County, et al.,
Plaintiffs,
v.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA,
Defendant-Appellee, Cross-Appellant.
 Nos. 90-35534, 90-35571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992.
Decided March 18, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and DAVIES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 * We have little trouble finding that the jury did not err when it determined that Holman violated the policy's prior notice clause. The jury heard about his switch to the fixed percentage schedule in 1981, and the complaints that followed. It also learned that by December 1981 he had started a fee dispute file. He conceded that by February 1982, ten months before the policy's inception, he anticipated litigation. Although the dispute centered on reducing future fees, the evidence suggests that Holman had a reasonable basis to conclude that his fee schedule, especially in light of his intransigence regarding future fees, would lead to a claim for past overcharges.
 
 
 4
 The key question then is whether General Accident waived this defense by failing to raise it in the reservation of rights letter. As Holman points out, under Washington law an insurer that denies coverage for one reason, with knowledge of other reasons for denying coverage, cannot later raise a defense based on the unmentioned reasons if the delay prejudiced the insured. Bosko v. Pitts & Still, Inc., 454 P.2d 229, 234 (Wash.1969). The insurer need not have actual knowledge of the unmentioned reasons. If the circumstances alert the insurer to the other bases for denying coverage, the insurer is charged with the knowledge that it would have obtained had it undertaken a reasonably diligent inquiry. Id.
 
 
 5
 General Accident promptly sent a reservation of rights letter when it accepted the defense. The letter contained a broad reservation clause, telling Holman that General Accident reserved all its rights and defenses under the policy and that it would assert any other reasons that became evident in its efforts to deny coverage.
 
 
 6
 This clause alone distinguishes this case from Bosko. There, the insurer asserted one reason for denying coverage, but did not put the insured on notice that it reserved all its rights under the policy. See 454 P.2d at 232-35. An insurer that undertakes a defense under a broad reservation of rights is not estopped from asserting "any policy defenses that may be available to it." 7C Appleman, Insurance Law and Practice § 4694 at 336 (Berdal ed. 1979).
 
 
 7
 Holman argues, though, that the reservation clause was too broad to reserve General Accident's rights. He does not rely on Washington case law for this proposition. Instead, he points to a Michigan case, Merithew v. Last, 135 N.W.2d 353 (Mich.1965). The Meirthew court prevented a broad clause from reserving the insurer's rights, but it did so because it found that the insurer had knowledge of the defense well before asserting it, and that the delay harmed the insured. Id. at 355-56.
 
 
 8
 There is no evidence of a similar delay here. Nothing suggests that General Accident had knowledge of facts sufficient to alert it to the notice defense when it sent the reservation of rights letter. Holman controlled the key information, and the circumstances did not put General Accident on inquiry notice. We can find no error in the court's determination that General Accident did not waive this defense.
 
 
 9
 Because Holman's failure to comply with policy's prior notice clause provides an independent basis for denying coverage, we need not consider whether he violated the policy's cooperation clause nor whether Illinois law should control on the question of punitive damages. This also moots General Accident's cross appeal.
 
 II
 
 10
 We also find no error in the court's refusal to give Holman's requested instruction that the conditional assignment was illegal as a matter of law. We agree that he consented to such an assignment when he bought the policy.
 
 
 11
 The policy's consent clause provides that General Accident
 
 
 12
 reserves the right to exercise any rights of subrogation against [Holman] in respect of any claim brought about or contributed to by the intentional, dishonest, fraudulent, criminal or malicious act or omission of [Holman].
 
 
 13
 We are unpersuaded by Holman's argument that this provision does not really mean what it says.
 
 
 14
 He contends that an earlier section of the provision makes clear that General Accident may be subrogated only to the rights of its insured against others. He ignores, though, that the quoted language is set off from the rest of the provision with an introductory clause that states, "Notwithstanding the foregoing". Considering this introductory disclaimer, together with the fact that interpreting the clause as Holman suggests would render it meaningless, it is clear that the provision allows for subrogation against the insured under limited circumstances. Such circumstances were present here.
 
 
 15
 Holman attacks the clause on another basis, as well. He argues that the clause does not create rights, it merely allows General Accident to exercise any preexisting subrogation rights. The clause does not need to create rights. It need only show Holman's consent to the subrogation. As he points out, an insurer can subrogate against its insured if the insured consents.
 
 
 16
 Holman also suggests that this consent clause itself is illegal. We find no support in the law for this contention and have little reason to believe Washington courts would agree with it.
 
 
 17
 In light of Holman's consent to this subrogation, we must reject his argument that even if the agreement was not illegal per se, it violated the insurer's duty of good faith.
 
 
 18
 The judgment is AFFIRMED. The cross appeal is DISMISSED.
 
 
 
 *
 Honorable John G. Davies, United States District Court, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3