MICHIGAN NATIONAL BANK-OAKLAND v WHEELING

Docket No. 92606. Submitted March 4, 1987, at Lansing. Decided January 20, 1988.

Following several suits concerning the foreclosure of a mortgage on residential property, plaintiff, Michigan National Bank-Oakland, brought an action in the Oakland Circuit Court against defendants, Douglas and Sylvia Wheeling, alleging malicious prosecution, disparagement of title resulting from invalid liens filed by defendants against the premises, and seeking a bill of peace permanently enjoining defendants from filing additional claims against plaintiff. Plaintiff also sought damages inclusive of costs, interest and attorney fees, and a judgment against defendants to discharge the allegedly invalid liens. Plaintiff filed a motion for partial summary disposition with respect to Count II, which set forth two separate claims: (1) disparagement of title, and (2) that defendants' liens are invalid and constitute a cloud on plaintiff's title. The trial court, Robert C. Anderson, J., granted the motion as to Count II and ordered that such was a final judgment as to Count II. Defendants appealed.

The Court of Appeals *held:*

1. The objectives of MCR 2.116(G)(3)(b), regarding affidavits supporting a motion for summary disposition, were met under the unique set of facts of this case.

2. The trial court correctly ruled that defendants' liens were invalid and constituted a cloud on the title. Summary disposition was only proper as to the cloud on title claim. The disparagement of title claim, involving a question of malice, should be tried by the jury if plaintiff still desires to pursue it.

The order granting plaintiff's partial motion for summary disposition is affirmed in part, reversed in part, and remanded for further proceedings.

1. Motions and Orders — Summary Disposition — Issue of Material Fact.

A motion for summary disposition on the ground of no genuine

References

Am Jur 2d, Evidence § 672; Summary Judgment §§ 26 *et seq.*

Admissibility of oral testimony at state summary judgment hearing. 53 ALR4th 527.

issue of material fact must be supported by affidavits, depositions, admissions, or other documentary evidence (MCR 2.116[G][3][b]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT.

A motion for summary disposition on the ground of no genuine issue of material fact tests whether there is factual support for the plaintiff's claim; a court, in deciding such a motion, must consider the pleadings, affidavits, depositions, admissions, and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt; the motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

3. ACTIONS — DISPARAGEMENT OF TITLE.

The elements of a cause of action for disparagement of title are falsity of statement and malice.

*Pepper, Hamilton & Scheetz* (by *Russ E. Boltz*), for plaintiff.

Douglas and Sylvia Wheeling, in propria persona.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Defendants appeal as of right from an order of the Oakland Circuit Court granting plaintiff's motion for partial summary disposition as to Count II of plaintiff's complaint.

This appeal has a long and protracted history including appeals to this Court and the Supreme Court. Defendants, Douglas and Sylvia Wheeling, once owned residential property at 3570 Bald Mountain Road, Pontiac, Michigan. In September, 1982, defendants stopped making their monthly mortgage payments to plaintiff, Michigan National

* Circuit judge, sitting on the Court of Appeals by assignment.

Bank-Oakland, and, subsequently, the bank foreclosed on the mortgage. On November 19, 1982, a sheriff's sale was conducted and plaintiff purchased the property and obtained a sheriff's deed.

On December 19, 1983, upon defendants' failure to vacate the premises by the expiration of the applicable redemption period, plaintiff filed a complaint against defendants in the 52nd District Court, 3rd Division, seeking possession of the residential property. Following a hearing, a judgment for possession was entered in favor of plaintiff on January 10, 1984. On February 6, 1984, a writ of restitution was issued and, in so doing, the district court found that, upon the expiration of the redemption period, plaintiff was the fee owner of the property under the sheriff's deed. On February 15, 1984, the writ of restitution was executed. Following their eviction from the premises, defendants resumed possession on March 10, 1984, and remained in possession as of the time this appeal was filed. Defendants appealed from the district court's judgment to the Oakland Circuit Court and Judge George LaPlata affirmed the district court's decision in all respects. Defendants then filed an application for leave to appeal and for a rehearing on appeal with this Court, which this Court denied on October 3, 1985, because the grounds presented lacked merit. (Docket No. 85816). The Supreme Court also denied defendants' applications for leave to appeal and for reconsideration. 424 Mich 901 (1986).

On November 24, 1982, before the eviction action began, defendants filed a complaint in Oakland Circuit Court seeking to invalidate a promissory note and the related mortgage foreclosed upon by plaintiff on the grounds of usury. On January 30, 1985, Oakland Circuit Judge Robert C. Anderson granted Michigan National Bank's mo-

tion for summary judgment. This Court affirmed in *Wheeling v Michigan National Bank-Oakland,* unpublished opinion per curiam, decided February 7, 1986 (Docket No. 77818).

Defendants also filed two additional actions in Oakland Circuit Court which relate to the initial foreclosure and resulting eviction of defendants. On December 12, 1984, defendants filed an action against plaintiff, two of its attorneys, one of the judges below and his court officer for conspiracy in connection with the eviction of the defendants from their former home. Oakland Circuit Judge Richard Kuhn dismissed this case and an appeal in the matter is pending before this Court (Docket No. 85302).

On December 5, 1984, defendants filed suit against plaintiff and one of its attorneys for defamation. Following a grant of summary judgment in plaintiff's favor, this Court affirmed the trial court's dismissal on February 7, 1986 (Docket No. 82840).

On November 18, 1985, defendants filed with the Oakland County Register of Deeds a property interest lien and affidavit alleging that, as a result of the proceedings listed above, they have and are entitled to a property lien in the amount of $2,000,000 to secure the damages that they will be awarded in those lawsuits. Also, defendants served on plaintiff's counsel a "Possessory Lien at Common Law" for $2,125,000 for labor, work and services performed on their previously owned property. This lien has not been filed with the Oakland County Register of Deeds.

On December 3, 1985, plaintiff filed the instant three-count complaint in Oakland Circuit Court against defendants alleging malicious prosecution for the conspiracy action (Count I), disparagement of title resulting from invalid liens filed by defen-

dants against the premises in question (Count II), and seeking a bill of peace permanently enjoining defendants from filing additional claims against plaintiff (Count III). Plaintiff sought damages inclusive of costs, interest and attorney fees and, specifically under Count II, a judgment against defendants to discharge the allegedly invalid liens.

On March 14, 1986, plaintiff filed a motion for partial summary disposition with respect to Count II pursuant to MCR 2.116. In do doing, plaintiff submitted that the motion was supported by an attached memorandum of law and the pleadings and documentary evidence on file in the matter. On April 30, 1986, following oral arguments, the trial judge granted plaintiff's motion and an order was entered, requiring defendants to discharge the liens in question. Defendants appeal from this order, raising two issues.

We note first that, although the court granted summary disposition only on Count II of plaintiff's complaint, the order states specifically that there is no just reason for delay and that the order granting summary disposition is a final judgment as to Count II. Thus, the order was a final order appealable as of right for purposes of MCR 7.203(A)(1).

On appeal, defendants first claim that the trial court erred in granting plaintiff's motion for partial summary disposition because plaintiff did not submit an affidavit or other documentary evidence in support of the motion, as required by MCR 2.116(G)(3)(b). We do not agree. Under GCR 1963, 117.3, a motion for summary disposition brought on the grounds of no genuine issue of material fact had to be supported by affidavits. See *Nabkey v Kent Community Action Program, Inc,* 99 Mich App 480, 483; 298 NW2d 11 (1980). Under MCR 2.116, affidavits are no longer required. MCR

2.116(G)(3)(b) states only that affidavits, depositions, admissions, *or other documentary evidence* is required to support the motion.

Plaintiff's motion for summary disposition was assigned to Oakland Circuit Judge Anderson who had also granted plaintiff's motion for summary judgment dismissing defendants' usury claim against plaintiff. In granting that motion, Judge Anderson recognized the fact that "a sheriff's sale was conducted November 19, 1982, and defendant [plaintiff in the instant case] purchased the property and obtained a sheriff's deed." We feel that, because of the litigation between the parties, the trial court was familiar with the facts of ownership of the property. Under the unique set of facts of the instant case, the objectives of MCR 2.116(G)(3)(b) were met. Thus, reversal is not mandated upon this basis.

Defendants next allege that the trial court erred in granting plaintiff's motion for partial summary disposition because malice is a question of fact for the jury. We agree in part. Although plaintiff did not state in its motion for partial summary disposition under which subrule it was bringing the motion, and although the court's order does not state under which subrule summary disposition was being granted, it is apparent that the motion was brought and granted pursuant to MCR 2.116(C)(10), that there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law. A motion brought under this subrule tests whether there is factual support for the plaintiff's claim. A court, in deciding such a motion, must consider the pleadings, affidavits, depositions, admissions, and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied

that it is impossible to support the claim at trial because of some deficiency which cannot be overcome. *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 284; 393 NW2d 610 (1986).

Count II of plaintiff's complaint states:

> 22. Plaintiff realleges and incorporates by reference the allegations contained in the Jurisdictional and General Averments and Count I as if fully set forth herein.
>
> 23. The liens filed by defendant Douglas Wheeling against the property commonly known as 3570 Bald Mountain Road, Pontiac, Michigan, are not based upon any legitimate claim and are, therefore, *invalid and false.*
>
> 24. The liens have been filed, and thus published, with various government entities, including the Oakland County Register of Deeds and the 52nd-3rd District Court, where they have become a matter of public record.
>
> 25. These liens were knowingly filed, *maliciously* and with the specific intent of disparaging plaintiff's title to the premises to which it is lawfully entitled.
>
> 26. These liens did, in fact, wrongfully disparage and render plaintiff's title to the premises unmarketable.
>
> 27. As a result, plaintiff has suffered special damages in terms of the time and expense which it will incur in removing this cloud from its title.

Plaintiff's motion for summary disposition summarizes Count II as stating a claim of disparagement of title and as seeking to have the cloud to its title removed. Thus, Count II sets forth two separate claims: (1) disparagement of title, and (2) that defendants' liens are invalid and constitute a cloud on plaintiff's title. The elements of a cause of action for disparagement of title are falsity of statement and malice. *Glieberman v Fine,* 248 Mich 8, 12; 226 NW 669 (1929). In cases involving

questions of intent, credibility, or state of mind, summary judgment is hardly ever appropriate. *Tumbarella v The Kroger Co,* 85 Mich App 482, 492; 271 NW2d 284 (1978), lv den 406 Mich 939 (1979).

A cloud upon a title has been defined by the Michigan Supreme Court as follows:

> "A cloud upon a title is but an apparent defect in it. If the title, sole and absolute in fee, is really in the person moving against the cloud, the density of the cloud can make no difference in the right to have it removed. Anything of this kind that has a tendency, even in a slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his ownership, is, in my judgment, a cloud upon his title which the law should recognize and remove."

*Emig v Frank P Miller Corp,* 238 Mich 695, 698; 214 NW 144 (1927), citing *Whitney v Port Huron,* 88 Mich 268; 50 NW 316 (1891).

The trial court was correct in ruling that defendants' liens were invalid and constituted a cloud on the title. The trial court's order of summary disposition went beyond that and simply stated that summary disposition was granted as to Count II of the complaint. It did not make a specific ruling as to the disparagement of title claim. Since a cloud on a title is to be removed as soon as it is found to create even a slight encumbrance, and since summary disposition is not to be granted on questions of malice, we feel that summary disposition on Count II was only proper as to the cloud on title claim. Defendants in this case demanded a jury trial. Therefore, the disparagement of title claim, involving a question of malice, should be tried by the jury if plaintiff still desires to pursue it.

The order granting plaintiff's partial motion for summary disposition is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.