ALLSTATE INSURANCE COMPANY v KEILLOR (ON REMAND)

Docket No. 165157. Submitted June 9, 1993, at Lansing. Decided December 20, 1993, at 9:10 A.M. Leave to appeal sought.

Allstate Insurance Company brought an action in the Genesee Circuit Court against Daniel Hayes, William Keillor, as personal representative of the estate of Susan Keillor, deceased, and others, seeking a declaration that a homeowner's policy issued to Daniel Hayes' father, with whom Daniel resided, did not provide Daniel liability coverage for damages allegedly arising out of his giving liquor to a minor who subsequently, while allegedly intoxicated, was involved in a head-on collision that killed Susan Keillor. Keillor brought a counterclaim against Allstate and a cross-claim against Hayes. Hayes did not respond to either claim, but declared in an affidavit that he chose not to contest the question of coverage. The court, Judith A. Fullerton, J., granted a default judgment against Hayes for Allstate and Keillor and granted summary disposition for Allstate against Keillor. The Court of Appeals, Hood, P.J., and Jansen and G. S. Allen, JJ., affirmed, holding that Keillor did not have standing to contest the existence of coverage under the policy because he was not a third-party beneficiary of the policy and stated that once Daniel Hayes conceded that there was no coverage and had a default entered against him, Keillor could not continue to pursue the action to enforce the insurance contract. 190 Mich App 499 (1990). The Supreme Court reversed and remanded to the Court of Appeals for consideration of issues not addressed in the first appeal, holding that a default judgment entered against an insured does not deprive the trial court of its power to declare the rights and liabilities of the parties remaining before it and does not bind an injured party. 442 Mich 56 (1993).

On remand, the Court of Appeals *held:*

---

REFERENCES

Am Jur 2d, Insurance § 727.

Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.

Liability of person furnishing, on social occasion, intoxicating liquor, for negligent acts of intoxicated minor causing injury to plaintiff. 53 ALR3d 1285.

1. The plaintiff is not estopped from asserting exclusions in the insurance policy as a basis for denying liability. The plaintiff did not unreasonably delay the assertion of those exclusions, and defendant Keillor suffered no prejudice from any delay in raising the exclusions.

2. The exclusion for intentional or criminal acts, which provided that coverage would be denied where injury or damage might reasonably be expected to result from the intentional or criminal acts of an insured or is in fact intended by the insured, is not ambiguous. The serving of alcohol to a minor is a criminal act within the meaning of the language of that exclusion. Because the accident and injury was the natural, foreseeable, expected, and anticipated consequence of Hayes knowingly furnishing alcohol to the minor driver who caused Susan Keillor's death, the trial court did not err in granting summary disposition on the basis that the exclusion for intentional or criminal acts applied and precluded coverage.

3. The trial court did not err in granting summary disposition on the alternative basis of the exclusion for injuries involving motor vehicles. That exclusion clearly precludes coverage for injuries or damage that arises out of the ownership, maintenance, use, loading, or unloading of a motorized land vehicle or trailer, except in certain circumstances not present here. There is nothing in the language to support Keillor's assertion that ownership or use by the insured is necessary to trigger the exclusion.

Affirmed.

1. Insurance — Homeowner's Insurance — Exclusions — Criminal Acts — Minors — Alcohol.

A provision in a homeowner's insurance policy excluding coverage for any bodily injury or property damage that reasonably may be expected to result from intentional or criminal acts of an insured or that is in fact intended by an insured is not ambiguous; the furnishing of alcoholic liquor to a minor, being a misdemeanor, is a criminal act within the meaning of the exclusion and is an act that reasonably might be expected to result in injuries to third parties if the minor thereafter operates a motor vehicle (MCL 436.33; MSA 18.1004).

2. Insurance — Homeowner's Insurance — Exclusions — Automobiles.

A provision in a homeowner's insurance policy excluding coverage for any bodily injury or property damage arising out of the ownership, maintenance, use, loading, or unloading of any

motorized land vehicle does not require that the vehicle be operated by the insured and excludes coverage if injuries or property damage results from the operation of a motor vehicle by an intoxicated person who was furnished alcohol by the insured.

*Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for the plaintiff.

*Kalo, Zilinski & Swann, P.C.* (by *Philip D. Swann*), for the defendant.

ON REMAND

Before: Hood, P.J., and Jansen and Brennan, JJ.

Per Curiam. This case is before us on remand from the Supreme Court for consideration of the remaining issues. *Allstate Ins Co v Hayes,* 442 Mich 56; 499 NW2d 743 (1993).[1] We again affirm the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) in favor of Allstate in this action for a declaratory judgment.

We first must consider whether Allstate is estopped from asserting the exclusions in its policy. An insurer that undertakes the defense of an insured while having actual or constructive knowledge of facts that would allow avoidance of liability will be deemed to have waived its right to avoid coverage unless reasonable notice of the possible disclaimer is served to the insured. *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965); *Fire Ins Exchange v Fox,* 167 Mich App 710, 713-714; 423 NW2d 325 (1988).

Keillor filed his complaint against Hayes and others on June 30, 1986. Hayes filed an answer to

[1] The facts of this case have been set forth in the Supreme Court's opinion, and we see no need to restate them here.

the complaint on April 8, 1987. On June 15, 1987, Allstate sent a reservation of rights letter to Hayes, citing reservations under two exclusions to the liability coverage, including the exclusion for intentional and criminal acts. On November 4, 1987, Allstate filed its complaint for declaratory judgment. On December 18, 1987, Allstate filed its second amended complaint, adding a claim that the exclusion for motor vehicles also precluded coverage.

We hold that Allstate is not estopped from asserting its exclusions because there was no unreasonable delay in asserting them. This is not a situation where Allstate defended the action without reserving its right to later assert its exclusions. Cf. *Meirthew, supra.* Further, Allstate's assertion of the exclusions was not unreasonably delayed. The exclusion for intentional and criminal acts was asserted two months after Hayes filed his answer to the complaint and before Allstate's filing of its action for a declaratory judgment. The exclusion for motor vehicles was asserted in the second amended complaint in this action. Because this case involves an action for a declaratory judgment specifically seeking to determine whether Allstate must defend Hayes, we do not find that there was any unreasonable delay in asserting the exclusions and that, therefore, Keillor has suffered no prejudice. *Fire Ins Exchange, supra,* p 714; *Security Ins Co of Hartford v Daniels,* 70 Mich App 100, 116; 245 NW2d 418 (1976).

Next, we must determine if the exclusion for intentional and criminal acts applies to preclude coverage in this case. That exclusion provides:

> We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an

insured person or which is in fact intended by an insured person.

Contrary to defendant Keillor's argument, we do not find this exclusion to be ambiguous. See *Allstate Ins Co v Freeman,* 432 Mich 656, 686; 443 NW2d 734 (1989). Further, we find that the exclusion for criminal acts applies in this case in which Hayes served alcohol to a minor. Such an act constitutes a criminal act causing this exclusion to apply.

The statute prohibiting the furnishing of alcohol to a minor, MCL 436.33; MSA 18.1004, provides that a person who knowingly furnishes alcohol to a minor is guilty of a misdemeanor. In *Longstreth v Gensel,* 423 Mich 675, 692; 377 NW2d 804 (1985), our Supreme Court considered this statute to be a penal statute. Although "penal" does not necessarily relate to acts delineated as criminal, *id.,* n 9, it would be an overly technical and strained construction not to consider the act of furnishing alcohol to a minor as a criminal act within the meaning of the exclusion. Accordingly, the act of furnishing alcohol to a minor is a criminal act within the meaning of the exclusionary clause.

We next must determine whether the exclusion for intentional and criminal acts is applicable to the facts of this case. The exclusionary clause is applicable if the insured acted either intentionally or criminally and the resulting injury was reasonably expected or actually intended to result from such intentional or criminal act. *Freeman, supra,* p 685; *Buczkowski v Allstate Ins Co (On Rehearing),* 198 Mich App 276, 278; 502 NW2d 343 (1993). Injury is reasonably expected to occur where it is the natural, foreseeable, expected, and anticipated consequence of the intentional or criminal act. *Freeman, supra,* pp 687-688; *State Farm Fire &*

*Casualty Co v Fisher,* 192 Mich App 371, 375; 481 NW2d 743 (1991).

We find that where, as here, an insured knowingly furnishes alcohol to a minor and the minor, after drinking all night, gets into an automobile to drive home, injury reasonably can be expected to occur. A minor's driving of a car while intoxicated and causing an accident is the natural, foreseeable, expected, and anticipated consequence of alcohol knowingly being furnished to the minor who proceeds to take the opportunity actually to drink all night at a party. Accordingly, the trial court did not err in granting summary disposition on the basis that the exclusion for intentional and criminal acts applies to preclude coverage.

In addition to finding that the exclusion for intentional and criminal acts applied, the trial court also found that the exclusion for motor vehicles precluded coverage. We agree.

The exclusion for motor vehicles provides:

> We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:
> a) a motorized land vehicle in dead storage or used exclusively on the residence premises;
> b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from the residence premises;
> c) a golf cart owned by an insured person when used for golfing purposes;
> d) a trailer of the boat, camp, home or utility type unless it is being towed or carried by a motorized land vehicle;
> e) bodily injury to a residence employee.

This exclusion also applies in this case because

the underlying injury arose out of the use of a motorized land vehicle. We disagree with defendant Keillor that in order for this exclusion to apply, ownership or use by the insured is necessary to trigger the exclusion. A plain reading of the exclusionary clause does not compel that result. Rather, the clause unambiguously states that Allstate will not cover bodily injury or property damage arising out of the use of *any* motorized land vehicle.

We believe that our holding in this regard is supported by the Supreme Court's statement in *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 185; 468 NW2d 498 (1991):

> Generally speaking, a homeowner's insurance policy is designed to protect against losses arising out of the ownership or use of a particular residential building and its appurtenant structures, not liability connected to the operation of motor vehicles on public highways. Motor vehicle exclusions . . . are commonly included in homeowner's policies. The basis for the motor vehicle exclusion is evident: using a motor vehicle designed for travel on public roads greatly increases the risk of bodily injury and property damage, and such liability is not within the risk which homeowner's contracts are designed to cover or for which premiums are charged. The risk of liability from the use of a motor vehicle is traditionally and properly covered by motor vehicle policies, not by homeowner's insurance.

For the above reasons, the trial court's grant of summary disposition in favor of Allstate is affirmed because the exclusions preclude coverage in this case.

Affirmed.