FARM BUREAU MUTUAL INSURANCE COMPANY v BLOOD

Docket Nos. 197772, 197779. Submitted September 3, 1997, at Grand
Rapids. Decided May 22, 1998, at 9:25 A.M.

Farm Bureau Mutual Insurance Company brought two actions in the
Ionia Circuit Court against the parties in two underlying circuit
court actions, Sterling K. Blood; Wayne M. Martin; Donald R. Mar-
tin; David E. Fennell, as next friend of Mandy Fennell, a minor;
Mary Perry, as next friend of Gordon Nummer, Jr., a minor; Mandy
Fennell; and Gordon Nummer, Jr., seeking a determination regard-
ing its liability for any personal injury damages that Blood owed
Mandy Fennell and Gordon Nummer, Jr., following the entry of
default judgments against Blood in the underlying actions. Fennell
and Nummer, who were minors at the time the underlying actions
were brought through their next friends, had alleged that Wayne M.
Martin, the driver of an automobile owned by Donald R. Martin
that was involved in an accident while Fennell and Nummer were
passengers, had been served alcohol by Blood before the accident.
Blood, a minor at the time of the accident, was residing with his
mother and stepfather, Joy and Eddie Ingvartsen, when the acci-
dent occurred, and Farm Bureau had issued the Ingvartsens a farm
owners' insurance policy. Farm Bureau sought summary disposi-
tion in its actions on the basis of an exclusion in the policy regard-
ing damages arising out of criminal acts of the insured and alleging
that Blood's serving of alcohol to Martin was a criminal act. The
court, Charles W. Simon, Jr., J., granted summary disposition in
favor of Farm Bureau in both actions, finding that it did not have
any liability for the damages judgments against Blood. Gordon
Nummer, Jr., appealed. (Docket No. 197772). Mandy Fennell
appealed. (Docket No. 197779). The appeals were consolidated.

The Court of Appeals *held*:

1. The exclusions section of the policy at issue is ambiguous. The
policy fails to specify exactly what type of loss the policy purports
to exclude if the loss arises out of a criminal act of the insured.
Because ambiguities are to be construed against the insurer and
exclusionary clauses are to be strictly construed against the
insurer, the court erred in granting Farm Bureau summary disposi-
tion on the basis of the purported exclusion for criminal acts of the
insured.

2. A court may rely on affidavits, depositions, or any other documentary evidence, including the pleadings, in deciding whether a genuine issue of material fact exists. The court had sufficient documentation to decide the motion for summary disposition because, although the plaintiff did not attach supporting affidavits or other documents to its motion, the court had before it the plaintiff's complaint for declaratory relief that included as exhibits the complaints in the underlying actions and a copy of the insurance policy.

Reversed and remanded.

O'CONNELL, P.J., concurring in the result only, stated that the trial court erred in relying on the holding in *Allstate Ins Co v Keillor (On Remand)*, 203 Mich App 36 (1993), as being dispositive of the plaintiff's declaratory judgment actions. The *Allstate* Court held, in part, that the act of serving alcohol to a minor constitutes a criminal act causing an exclusionary clause in an insurance policy excluding liability for intentional or criminal acts of an insured person to apply. The Supreme Court affirmed in part *(After Remand)*, 450 Mich 412 (1995), only insofar as the Court of Appeals had determined that coverage was precluded by a motor vehicle exclusion in the policy. The Supreme Court specifically declined to consider the criminal acts exclusion. Therefore, because the portion of the Court of Appeals opinion in *Allstate* relating to the criminal acts exclusion does not constitute precedent, the trial court erred in relying on it. On remand, the trial court should not rely on *Allstate*.

1. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

The Court of Appeals, in determining whether an insurance policy applies in an action, first determines whether the policy is clear and unambiguous on its face; the Court reads and interprets the contract as a whole; the contract is clear if it fairly admits of but one interpretation, but is ambiguous if, after the entire contract has been read, the language reasonably can be understood in different ways; ambiguities in a policy drafted by the insurer are construed against the insurer and in favor of the insured and a finding of coverage; exclusions are read with the insuring agreement and independent of other exclusions; exclusionary clauses are strictly construed against the insurer.

2. MOTIONS AND ORDERS — EVIDENCE — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A court considering a motion for summary disposition in which it is alleged that no genuine issue of material fact exists may rely on affidavits, depositions, or any other documentary evidence, includ-

ing the pleadings, in deciding whether a genuine issue of material fact exists (MCR 2.116[C][10]).

*Jonathan Shove Damon Attorneys and Counselors* (by *Jonathan Shove Damon*), for Farm Bureau Mutual Insurance Company.

*Boyden, Waddell, Timmons & Dilley* (by *Frederick D. Dilley* and *Andrea D. Crumback*), for Mandy Fennell.

*Sawyer Law Offices* (by *Keary W. Sawyer*), for Gordon Nummer, Jr.

Before: O'Connell, P.J., and MacKenzie and Gage, JJ.

Per Curiam. In these appeals as of right from orders granting plaintiff Farm Bureau Mutual Insurance Company summary disposition pursuant to MCR 2.116(C)(10) in actions for a declaratory judgment, which have been consolidated pursuant to this Court's order, minor defendants Mandy Fennell and Gordon Nummer, Jr., through their respective next friends, David Fennell and Mary Perry (hereafter defendants), appeal. We reverse.

Mandy Fennell and Gordon Nummer, Jr., were severely injured when an automobile in which they were passengers veered from the road and crashed. Fennell and Nummer, through their next friends, individually sued the driver of the automobile involved in the accident, Wayne M. Martin; the owner of the automobile, Donald R. Martin; and Sterling K. Blood, who they alleged served alcohol to the underaged driver before the accident. During discovery, Fennell and Nummer learned that Blood, a minor, was residing with his mother and stepfather, Joy and Eddie

Ingvartsen, when he served the alcohol to Martin and when the accident occurred. The Ingvartsens held a farm owners' insurance policy issued by plaintiff. Blood did not answer the complaints and default judgments were entered against him in both lawsuits.

Plaintiff filed these declaratory judgment actions, alleging on several grounds that it had no liability for any personal injury damages Blood owed to Fennell and Nummer. Eventually, plaintiff sought summary disposition on the single ground that the insurance policy contained an exclusion for damages arising out of criminal acts of the insured and Blood's serving of alcohol to Martin was a criminal act. The circuit court granted plaintiff summary disposition on this ground. On appeal, defendants contend that the circuit court erred in granting summary disposition pursuant to MCR 2.116(C)(10) because, in their view, a genuine issue of material fact existed concerning whether plaintiff owed insurance coverage to its insured, Sterling Blood.

We review a circuit court's grant of summary disposition de novo to determine whether the moving party was entitled to judgment as a matter of law. *Smith v Globe Life Ins Co*, 223 Mich App 264, 270; 565 NW2d 877 (1997). In determining whether an insurance policy applies, this Court must first determine whether the policy is clear and unambiguous on its face. In doing so, the insurance contract should be read and interpreted as a whole. *Taylor v Blue Cross & Blue Shield of Michigan*, 205 Mich App 644, 649; 517 NW2d 864 (1994). An insurance contract is clear if it fairly admits of but one interpretation. *Id.* An insurance contract is ambiguous if, after reading the entire contract, its language reasonably can be understood in

differing ways. *Id.* Ambiguities in an insurance policy drafted by the insurer are to be construed against the insurer and in favor of the insured and a finding of coverage. *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25, 38; 549 NW2d 345 (1996). Exclusions are to be read with the insuring agreement and independent of other exclusions. *Taylor, supra* at 649. Exclusionary clauses are to be strictly construed against the insurer. *Fire Ins Exchange v Diehl*, 450 Mich 678, 687; 545 NW2d 602 (1996).

The insurance policy in dispute has several exclusions, including a clause that plaintiff contends excludes coverage for all damages arising out of criminal acts of the insured. Plaintiff successfully argued to the circuit court that Blood's violation of MCL 436.33; MSA 18.1004, which provides that a person who knowingly furnishes alcohol to a minor is guilty of a misdemeanor, precluded coverage under the criminal acts exclusion of the policy. The circuit court granted summary disposition to plaintiff on this ground. Plaintiff contends that this Court's opinion in *Allstate Ins Co v Keillor (On Remand)*, 203 Mich App 36; 511 NW2d 702 (1993), aff'd in part (*After Remand*), 450 Mich 412; 537 NW2d 589 (1995), is dispositive of its declaratory judgment actions. In that case, a panel of this Court found that for purposes of an exclusionary clause, it is a criminal act to serve alcohol to a minor. That decision was affirmed in part by the Supreme Court on other grounds. The Supreme Court expressly declined to consider the issue before us.

Nor do we need to consider this issue to resolve the present matter. Defendants argue that the exclu-

sions section of the policy is ambiguous. We agree. Section II, part 1, subsection a, which is the "Insuring Agreement" states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." Section II, part 2 is labeled "Exclusions" and states as a preliminary matter: "This insurance does not apply to: . . . ." Section II, part 2, subsection u reads in its entirety "arising out of a criminal act of an insured."[3] The policy fails to specify, with regard to subsection u, exactly what type of loss the policy purports to exclude if it arises out of a criminal act of the insured. By contrast, in most of the other subsections of the "Exclusions" section, the policy delineates what types of damages will not be covered. In subsections a, b, c, d, e, f, g, h, i, j, k, s, and v, for example, the policy clearly excludes coverage for loss in the form of "bodily injury or property damage." In subsections l, m, and n the policy excludes coverage for loss in the form of "bodily injury" only. Finally, in subsections o, p, q, r, and x the policy excludes coverage for "property damage" only.

Plaintiff's omission in subsection u presents the logical inquiry whether the policy excludes coverage for bodily injury arising out of a criminal act of an insured, whether it excludes coverage for property damages arising out of a criminal act of an insured, or whether it excludes coverage for both. Most of the other exclusions in the policy, which are precisely written, leave no doubt in the mind of the policy-

---

[3] The policy defines a criminal act as "any act or number of actions which are criminal in nature whether or not the act or actions lead to successful prosecution or conviction."

holder regarding the level of protection.[4] Yet, § II, part 2, subsection u is susceptible to more than one interpretation by a reasonable reader. Moreover, were it not for the rule of construction that exclusionary clauses are to be read with the insuring agreement and separate from each other, *Taylor, supra* at 649, it would be possible for the average reasonable person to read subsection u as an extension of subsection t.[5] We find therefore that the "Exclusions" section of this insurance policy contains an ambiguity regarding what types of damages are excluded if they arise out of criminal acts of the insured. See *id.* at 649. Because ambiguities are to be construed against the insurer, *State Farm, supra* at 38, and exclusionary clauses are to be strictly construed against the insurer, *Fire Ins Exchange, supra* at 687, the circuit court erred in granting plaintiff summary disposition on the basis of the purported exclusion for criminal acts of the insured.

Plaintiff now argues that the policy must be read in its entirety to determine if an ambiguity exists and that the exclusions in § II, part 2 clearly refer to bodily injury and property damage liability coverage.

---

[4] We note that other ambiguities exist within the "Exclusions" section of the policy. Two other subsections under part 2 of § II do not clearly delineate the types of damages being excluded. Subsection t excludes coverage for "damages" to "your product; your work; or impaired property" under certain conditions. A paragraph that presumably falls between subsections t and u states that "Exclusions c. through u. do not apply to damage by fire to premises rented to you." Although subsection v clearly excludes bodily injury or property damage if an insured "is also an insured under a nuclear energy liability policy," subsection w when read alone appears to be ambiguous in that it reads simply, "from any: 1) nuclear reaction; 2) nuclear radiation; or 3) radioactive contamination. . . ."

[5] Were it not for the same rule of construction, it would also be possible to read subsection w as an extension of subsection v.

However, we reject this argument because some of the subsections in § II, part 2 clearly delineate exclusions for either bodily injury or property damage but not both. Plaintiff further contends that grammatical errors are not necessarily ambiguous and will not automatically defeat the intent of the parties to a contract. Plaintiff points to two Michigan Supreme Court cases in making this argument. In *Beadle v Sage Land & Improvement Co*, 140 Mich 199, 202; 103 NW 554 (1905), the Supreme Court noted: "While courts, in construing writings, give due force to the grammatical arrangement of clauses, nothing is better settled than that they will disregard that construction if it is at variance with the intent of the parties as indicated in the whole writing." In *Mondou v Lincoln Mut Casualty Co*, 283 Mich 353; 278 NW 94 (1938), the Supreme Court noted that the word "by" had been omitted from the pertinent exclusion but held that the error could be corrected because the meaning intended by the parties was certain. *Id.* at 358. However, the Court also noted that "[h]ad there been any doubtful meaning or ambiguity with the word omitted, there is no question but that the word could not have been supplied." *Id.* at 359. We again reject plaintiff's argument because neither of these Supreme Court opinions mandate the conclusion that the contract in question is unambiguous or require this Court to supply additional language to make sense of the exclusion in question.

In a separate argument, defendants contend that the circuit court erred in granting plaintiff's motion for summary disposition because plaintiff did not attach supporting affidavits or other documents as required by MCR 2.116(G)(3). As we pointed out in

*Michigan Nat'l Bank-Oakland v Wheeling*, 165 Mich App 738, 742-743; 419 NW2d 746 (1988), a court may rely on affidavits, depositions, or any other documentary evidence in deciding whether a genuine issue of material fact exists. The documentary evidence to be considered includes the pleadings. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). Because the trial court had before it plaintiff's complaint for declaratory relief, which included as exhibits both Fennell's and Nummer's complaints as well as a copy of the subject insurance policy, the court had sufficient documentation to decide the issue.

We reverse the circuit court's grant of summary disposition to plaintiff and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

O'CONNELL, P.J. (*concurring in the result only*). The trial court concluded that this Court's opinion in *Allstate Ins Co v Keillor (On Remand)*, 203 Mich App 36; 511 NW2d 702 (1993), aff'd in part (*After Remand*), 450 Mich 412; 537 NW2d 589 (1995), is dispositive of plaintiff's declaratory judgment actions.[1] I respectfully disagree.

In *Allstate, supra,* a panel of this Court considered an exclusionary clause in the insurance contract that excluded liability for "intentional or criminal acts of an insured person . . . ." 203 Mich App at 39-40. This Court held that the act of serving alcohol to a minor constitutes a criminal act causing the exclusion to apply. *Id.* at 40. The Court then concluded that

---

[1] The trial court found this Court's opinion in *Allstate, supra,* to be dispositive of this case. However, the majority opinion, *ante* at 62, concludes that it need not "consider this issue to resolve the present matter."

because the defendant served alcohol to a minor, i.e., committed a criminal act, the exclusion precluded coverage.[2] *Id.* at 41. On appeal after remand, the Supreme Court declined to consider the criminal acts exclusion, instead basing its opinion on a motor vehicle exclusion in the contract. 450 Mich 420-421. The Court specifically noted that it was affirming the opinions of this Court and the trial court "only insofar as they hold that coverage is precluded by the motor vehicle exclusion." *Id.*

When the Michigan Supreme Court reviews a decision of this Court, it occasionally decides to address less than all the issues presented to this Court. This was the case in *Allstate, supra.* With regard to the issues the Supreme Court decides to address, the Court reviews the matter in the first instance, not merely considering the correctness of this Court's decision. Once the Supreme Court announces its decision, that opinion is determinative of the legal question or questions involved and becomes binding precedent on intermediate appellate and trial courts. *Riley v Northland Geriatric Center*, 425 Mich 668, 680; 391 NW2d 331 (1986). Points of law not discussed in the Supreme Court's opinion or ruled upon by that Court are not authoritative and are not to be considered as having been so decided as to constitute precedents. See *Dist of Columbia v Sierra Club*, 670

---

[2] I am troubled by a determination that the criminal acts exclusion applies to preclude insurance coverage. Consider the following hypothetical situations: (1) the insured is charged with drunk driving, a criminal act that would preclude coverage; (2) the insured violates a city ordinance by failing to shovel the snow from his sidewalk, a criminal act that would preclude coverage. Such an interpretation could greatly restrict the insured's ability to get insurance coverage in situations where coverage becomes vitally important.

A2d 354, 360 (DC App, 1996). See also *Bostrom v Jennings*, 326 Mich 146, 156-157; 40 NW2d 97 (1949), not followed on other grounds by *Sexton v Ryder Truck Rental, Inc*, 413 Mich 406; 320 NW2d 843 (1982) (noting that where "a question necessarily involved in a case and answered by our holding was neither considered by the Court nor discussed in our opinion, the answer thus arrived at is not binding as a precedent").[3]

When, after reviewing the issues in any particular case on appeal from this Court, the Supreme Court enters an order affirming or reversing a final order issued by a panel of this Court, that order becomes the law of the case. While this Court's opinion may provide guidance to those attempting to interpret the Supreme Court's holding, the intermediate opinion no longer has precedential value and may not be relied upon unless the Supreme Court has specifically approved or adopted the Court's opinion or holding. Similarly, when a case is appealed to the Supreme Court and the Court does not accept the reasoning or analysis of the lower court, or limits its acceptance of the lower court's opinion, the rejected analysis cannot be relied on.

A contrary conclusion would inevitably leave us with the uncertainty of two tiers of jurisprudence in Michigan. The first would be that part of a decision of this Court that has been appealed to the Supreme Court but does not constitute part of that Court's opinion. The second would be the decision of the

---

[3] This is an issue of first impression in Michigan. Because neither party has briefed this issue on appeal, I would remand this case to the trial court to allow the parties to file briefs and to present this matter to the trial court before an appellate decision.

Supreme Court insofar as the decision resolves the issues presented to that Court on appeal. Such a situation would inevitably create difficulties in Michigan law. In some cases, for example, it may be difficult to determine the extent of the Supreme Court's opinion —i.e., whether the Court approved of specific language in an opinion or merely a specific holding or rationale. In other cases, the Supreme Court may, in fact, have implicitly adopted the rationale of this Court, but declined to expressly state its intentions. By determining that the decision of the Court of Appeals has limited precedential value, my conclusion avoids such difficulties.

In any event, with respect to *Allstate, supra,* the Supreme Court noted that it was affirming the opinions of this Court and the trial court "only insofar as they hold that coverage is precluded by the motor vehicle exclusion." 450 Mich 420-421. Such an express statement of the Court's intentions should not be read as an implicit acceptance of the remainder of this Court's opinion. To the contrary, the Court appears to have specifically rejected those parts of the opinion not relating to the motor vehicle exclusion. This conclusion is supported by the fact that Justice RILEY wrote a separate concurring opinion in *Allstate* simply to "signal" her "concerns with the result of the Court of Appeals regarding the intentional/criminal acts exclusion." *Id.* at 421 (RILEY, J., concurring). Justice RILEY agreed, however, that the Court did not need to consider that exclusion because its decision was based on the automobile exception. *Id.* Were we to read the majority's opinion in *Allstate* as an approval of this Court's analysis regarding the intentional/criminal acts exclusion, Justice RILEY's opinion

should be read as a dissent rather than a concurrence.

Insofar as I believe that the portion of this Court's opinion in *Allstate, supra,* that relates to the intentional/criminal acts exclusion is not good law in Michigan, I disagree with the majority's apparent approval of *Allstate.* Therefore, because I conclude that the trial court erred in relying on *Allstate,* I would reverse and remand for further proceedings consistent with this opinion.