

FILED

**NOT FOR PUBLICATION**

JUL 24 2012

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

ALLSTATE INSURANCE COMPANY,
an Illinois Corporation,

Plaintiff - Appellee,

v.

DAVID A. NAAI, individually, and as
Trustee for the Herman H.A. Naai Trust
and Trustee for the Helen Y. Naai Trust;
HERMAN H.A. NAAI TRUST, David A.
Naai; HELEN Y. NAAI TRUST, David A.
Naai,

Defendants - Appellants.

No. 10-15415

D.C. No. 1:09-cv-00350-DAE-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 13, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In a tragic accident, Sherisse Thompson backed her vehicle over two children on property owned by defendant David A. Naai, killing one of the children and severely injuring the other. The children's parents sued, and named Naai as a defendant for negligently designing or constructing the property in such a way that the resident manager's building, and thus the parking for the building's visitors, was located in an area used by tenants' children as a playground. Naai was insured for liability through a policy issued by Plaintiff Allstate Insurance Co. ("Allstate"), and tendered defense of the lawsuit to Allstate. Allstate filed a declaratory relief action in district court seeking a declaration that there was no possibility for coverage, and therefore Allstate owed Naai no defense for the lawsuit. The district court granted summary judgment in Allstate's favor, finding the policy unambiguously excludes bodily injuries arising from motor vehicles. Naai appeals. We affirm.

"Hawaii insurance law provides for a broad duty to defend arising whenever the pleadings raise a potential for indemnification liability of the insurer to the insured." *Burlington Ins. Co. v. Oceanic Design & Const., Inc.*, 383 F.3d 940, 944 (9th Cir. 2004) (citing *Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 872 P.2d 230, 233 (Haw. 1994)). "In other words, '[t]he duty to defend is limited to situations where the pleadings have alleged claims for relief [that] fall

within the terms for coverage of the insurance contract. Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend.'" *Pancakes of Haw., Inc. v. Pomare Props. Corp.*, 944 P.2d 83, 88 (Haw. Ct. App. 1997) (quoting *Hawaiian Holiday Macadamia Nut Co.*, 872 P.2d at 233) (internal quotation marks omitted). The rule under Hawaiian law is that insurance "policies are to be construed in accord with the reasonable expectations of a layperson." *Tri-S Corp. v. W. World Ins. Co.*, 135 P.3d 82, 98 (Haw. 2006) (quoting *Dairy Rd. Partners v. Island Ins. Co., Ltd.*, 992 P.2d 93, 107 (Haw. 2000)). However, "the rule is not applied without exception upon the mere assertions of ambiguity. Rather, ambiguity is found [and the rule is followed] only when the contract taken as a whole is reasonably subject to differing interpretation." *Fortune v. Wong*, 702 P.2d 299, 306 (Haw. 1985) (internal citations and quotation marks omitted).

Allstate denied Naai's demand for coverage for the underlying lawsuit based on the policy exclusion for bodily injury "arising out of the ownership; operation; maintenance; use; occupancy; renting; loaning; entrusting; loading or unloading" of a motor vehicle. The district court agreed that the policy unambiguously excluded coverage for the injuries sustained in the accident. The exclusion is not limited to the *insured's* ownership, operation, maintenance, or use of an

-3-

automobile; by its terms it does not cover bodily injury arising out of the operation of *any* motor vehicle. Naai asks the panel to read into the policy a limitation that the exclusion only applies to an *insured's* motor vehicle. However, the Hawaii Supreme Court has been consistent in warning that "[a] court must 'respect the plain terms of the policy and not create ambiguity where none exists.'" *Smith v. New England Mut. Life Ins. Co.*, 827 P.2d 635, 638 (Haw. 1992) (quoting *First Ins. Co. of Haw. v. Hawaii*, 665 P.2d 648, 655 (Haw. 1983)).

Allstate cites several cases that hold that the same or similar exclusions unambiguously exclude coverage when the underlying injury is caused by a motor vehicle. *See Fortune*, 702 P.2d at 306, *Allstate Indem. Co. v. Russell*, 345 F. App'x 264, 266 (9th Cir. 2009) (unpublished); *Standard Mut. Ins. Co. v. Bailey*, 868 F.2d 893 (7th Cir. 1989); *Allstate Ins. Co. v. Keillor*, 511 N.W.2d 702, 705 (Mich. Ct. App. 1993)). Naai contends that the cases are distinguishable, because in each the insured had some relationship with either the driver or the motor vehicle. However, none of the cases relied on a relationship between the insured and either the driver or the motor vehicle to find the exclusion unambiguous.

The exclusion, as written, does not reasonably allow for different interpretations. Only by reading in a limitation—*an insured person's* ownership, operation, maintenance, or use—can the policy be interpreted to potentially

provide coverage. The children's injuries unquestionably arose from the operation of a motor vehicle. Therefore, the policy unambiguously excluded coverage for the injuries no matter who was operating the motor vehicle at the time.

Nor are we persuaded by Naai's argument that, even if the policy unambiguously excludes coverage for the accident, he had a reasonable expectation of coverage that must be honored. The Hawaii Supreme Court has been consistent in finding similar automobile exclusions unambiguous and effective to bar coverage. *See Oahu Transit Servs., Inc. v. Northfield Ins. Co.*, 112 P.3d 717, 722-24 (Haw. 2005). Naai offers no explanation of how his expectation of coverage could be deemed reasonable given that the policy unambiguously excludes coverage.

**AFFIRMED**.